UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------X
ARNALDO CABRERA,

                    Petitioner,              **MEMORANDUM AND ORDER**

            - against -                      12 Civ. 1325 (NRB)
                                             05 Crim. 1278 (NRB)


UNITED STATES OF AMERICA,

                    Respondent.
-------------------------------X
**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**


## I. Introduction

        Petitioner Arnaldo Cabrera ("petitioner" or "Cabrera") has
filed a petition to vacate his conviction pursuant to 28 U.S.C.
§ 2255.  Cabrera is presently in federal custody, having been
sentenced by this Court on May 28, 2009, to 324 months of
imprisonment following his guilty pleas to charges of
(a) conspiracy to distribute and possess with intent to
distribute five kilograms or more of cocaine in violation of 21
U.S.C. §§ 812, 841(a)(1), 841(b)(1)(A), and 846; and
(b) conspiracy to import into the United States five kilograms
or more of cocaine in violation of 21 U.S.C. §§ 952, 960(a)(1),
960(b)(1)(B), and 963.  In his present petition, Cabrera asserts
that his former counsel, Mr. Joseph Bondy ("Mr. Bondy"),
rendered ineffective assistance by incorrectly advising him that
pleading guilty would not prevent him from appealing his

conviction on the ground that his waiver of speedy presentment was invalid.   For the reasons stated below, Cabrera's petition is denied.

## II. Background[1]

On December 7, 2005, a grand jury returned an indictment charging Cabrera with one count of conspiracy to distribute five or more kilograms of cocaine, in violation of 21 U.S.C. §§ 812, 841, and 846, and one count of conspiracy to import five or more kilograms of cocaine, in violation of 21 U.S.C. §§ 952, 960(a)(1), 960(b)(1)(B) and 963.   Drug Enforcement Agency ("DEA") agents arrested Cabrera the next day.   United States v. Cabrera, No. 05 CR 1278 (NRB), 2008 WL 2803902, at *1 (S.D.N.Y. July 15, 2008).

Shortly after arriving at the DEA's New York Field Division, Cabrera confessed his knowledge of the conspiracy and expressed a desire to cooperate with law enforcement officials on any pending or future prosecutions.   Id. at *1.   DEA Special Agent Todd Lepkofker ("Lepkofker") then presented Cabrera with a standard form document entitled "Waiver of Speedy Presentment" (the "Waiver"), which informed Cabrera of his rights, including

[1] The facts set forth in this section are derived from our earlier decision, United States v. Cabrera, No. 05 CR 1278 (NRB), 2008 WL 2803902 (S.D.N.Y. July 15, 2008), Petitioner's Memorandum of Law in Support of Petitioner's Motion to Vacate Convictions Under 28 U.S.C. § 2255 [hereinafter Pet'r's Mot.], the exhibits submitted by petitioner in connection with his motion [hereinafter Pet'r's Ex.], and Petitioner's Reply Memorandum of Law [hereinafter Pet'r's Reply].

his right to speedy presentment, and stated, "I understand all of these rights and I hereby choose to waive my right to a speedy initial appearance and arraignment before a United States District Court Judge or other judicial officer."   Waiver of Speedy Presentment (Dec. 8, 2005), Pet'r's Ex. G.

The DEA scheduled a December 12, 2005, meeting with an Assistant United States Attorney, who arranged for counsel to be appointed for Cabrera, notwithstanding the fact that he had not invoked his right to counsel.   Id., at *2.   Over the course of two sessions, on December 12 and December 15, 2005, Cabrera proffered with the government.   Id.   At some point after the second session, Cabrera fled the country.   Id.   On April 17, 2007, law enforcement authorities apprehended Cabrera in the Dominican Republic.   Pet'r's Mot. 6.   In the interim, on March 2, 2006, a grand jury had returned a superseding indictment, charging Cabrera with the same two counts.   On May 17, 2007, following his extradition to the United States, Cabrera was presented for arraignment before this Court.

On February 20, 2008, Cabrera moved to suppress his post-arrest statements to law enforcement officials and government prosecutors.   Two of the grounds for Cabrera's suppression motion are relevant to his current habeas petition.

First, Cabrera argued that his attorney rendered ineffective assistance by advising him to proffer with the

government without counsel present.   This claim was rejected.
For one, we did not find Cabrera's testimony credible, including
his statement that he had only a five-minute conversation with
counsel in which he was told to cooperate.   Id. at *4.
Moreover, we found that, even if we assumed the truth of
Cabrera's testimony, the ineffective assistance claim would fail
because Cabrera had not demonstrated that he was prejudiced by
his counsel's alleged conduct.   Because of the weight of the
evidence against him, Cabrera was unable to articulate how the
outcome at trial would have been measurably altered if we were
to suppress the proffer statements.   Id. at *5.

Second, Cabrera claimed that his post-arrest statements
should have been suppressed because he was not presented before
a judicial officer in a timely manner, as mandated by Federal
Rule of Criminal Procedure 5(a).   See Fed. R. Crim. P. 5(a).
This claim was also rejected because, as discussed below, we
found that Cabrera's post-arrest statements were made either
(1) after Cabrera's "knowing and voluntary waiver of the right
to a speedy presentment" or (2) "immediately after Cabrera's
arrest." Cabrera, 2008 WL 2803902, at *5.

At the suppression hearing, Lepkofker and Cabrera had
presented inconsistent testimony regarding whether Cabrera had
knowingly and voluntarily signed his waiver of speedy
presentment.   After reviewing the evidence presented, we found

Cabrera's testimony to lack any indicia of truthfulness and, by contrast, Lepkofker's testimony to be highly credible. Id. at *2-*4. Specifically, we fully credited Lepkofker's testimony that the waiver of speedy presentment had been read out loud and thoroughly explained to Cabrera before he signed it. Id. at *4. Because Cabrera had signed the waiver of speedy presentment knowingly and voluntarily, the waiver was valid. See id. at *5 ("Delays attributable to a defendant's cooperation with law enforcement officials, particularly when the defendant has knowingly and voluntarily waived his right to speedy presentment, have been routinely found to be reasonable by the district courts in the Second Circuit." (citing United States v. Torres, No. 98 FR 183 (AGS), 2002 WL 72929, at *8 (S.D.N.Y. Jan. 17, 2002); United States v. Berkovich, 932 F. Supp. 582 (S.D.N.Y. 1996))).

As for the statements made by Cabrera immediately after his arrest, we found that these statements were admissible because, pursuant to 18 U.S.C. § 3501, a district court shall not exclude any voluntary statement made within six hours of the defendant's arrest. Cabrera, 2008 WL 2803902, at *5 (citing 18 U.S.C. § 3501(c) (2006)). Therefore, Cabrera's motion to suppress was denied.

On January 28, 2009, Cabrera pled guilty to both counts of the superseding indictment, and on May 28, 2009, Cabrera was sentenced to 324 months in prison.

Cabrera appealed his conviction on multiple grounds, including that his waiver of speedy presentment was invalid and thus that his indictment should thus have been dismissed, or, in the alternative, that his post-arrest arrest statements should have been suppressed.  By summary order, the Second Circuit affirmed Cabrera's conviction.  United States v. Cabrera, 379 F. App'x 24 (2d Cir. 2010) (summary order).  The Circuit held that, by entering an unconditional guilty plea, Cabrera had waived his right to appeal the validity of his waiver of speedy presentment.  "It is well settled that '[a] knowing and voluntary guilty plea waives all nonjurisdictional defects in the prior proceedings.'"  Id. at 26 (alteration in original) (quoting United States v. Coffin, 76 F.3d 494, 496 (2d Cir. 1996)).  Because Cabrera's challenge to his waiver of speedy presentment was not jurisdictional, "he waived any right" to appeal the validity of the waiver "by entering an unconditional plea of guilty."  Id.

On February 22, 2012, Cabrera filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255. Cabrera asserts a single claim for relief: that he was deprived of his constitutional right to effective assistance of counsel

because his attorney advised him to plead guilty without preserving his right to appeal the validity of his waiver of speedy presentment. According to Cabrera, his counsel erroneously advised him that, if he entered an unconditional plea of guilty, he would nonetheless retain the right to appeal the issue of whether his waiver was valid. Petitioner's counsel at the time of his guilty plea, Mr. Bondy, has filed an affidavit acknowledging that he gave Cabrera this advice. Bondy Affirmation ¶ 3, Pet'r's Ex. K. Cabrera asserts that, had he known that he would be barred from appealing the validity of his waiver of speedy presentment, he would not have pled guilty, at least not without preserving his right to appeal through a plea agreement.

### III. Discussion

### A. Legal Standard

A prisoner in federal custody may file a motion for a writ of habeas corpus on the grounds that his sentence was imposed in violation of the Constitution or federal law, was issued by a court that did not have jurisdiction, was in excess of the lawful maximum, or is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). In other words, habeas relief is generally available "only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes a fundamental defect which inherently results

in a complete miscarriage of justice." <u>Cuoco v. United States</u>, 208 F.3d 27, 30 (2d Cir. 2000) (quoting <u>United States v. Bokun</u>, 73 F.3d 8, 12 (2d Cir. 1995)) (internal quotation mark omitted).

Claims of ineffective assistance of counsel in relation to a guilty plea are governed by the standard set forth in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). <u>See</u> <u>Hill v. Lockhart</u>, 474 U.S. 52, 58 (1985). Under this framework, a petitioner must establish: (1) that counsel's representation fell below "an objective standard of reasonableness," <u>Strickland</u>, 466 U.S. at 688, and (2) that the allegedly ineffective assistance resulted in prejudice, <u>id.</u> at 691-92. A claim of ineffective assistance of counsel may be rejected for failure to satisfy either prong of this framework. <u>Id.</u> at 697.

To satisfy the performance prong in the context of a guilty plea, a petitioner must show that counsel's advice to plead guilty was not "within the range of competence demanded of attorneys in criminal cases." <u>Hill</u>, 474 U.S. at 56 (quoting <u>McMann v. Richardson</u>, 397 U.S. 759, 771 (1970)). The petitioner must overcome "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." <u>Raysor v. United States</u>, 647 F.3d 491, 495 (2d Cir. 2011) (quoting <u>Strickland</u>, 466 U.S. at 689) (internal quotation mark omitted).

To satisfy the prejudice prong, the petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Raysor, 647 F.3d at 495 (quoting Strickland, 466 U.S. at 694) (internal quotation marks omitted). In the context of a guilty plea, "the defendant must prove that 'there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" United States v. Gunn, 419 F. App'x 106, 109 (2d Cir. 2011) (quoting Hill, 474 U.S. at 59).

"In many guilty plea cases, the 'prejudice' inquiry will closely resemble the inquiry engaged in by courts reviewing ineffective-assistance challenges to convictions obtained through a trial." Hill, 474 U.S. at 59. For example, where petitioner alleges that counsel failed to advise him of an affirmative defense, "the resolution of the 'prejudice' inquiry will depend largely on whether the affirmative defense likely would have succeeded at trial." Id. These predictions of the possible trial outcome "should be made objectively, without regard for the 'idiosyncrasies of the particular decisionmaker.'" Id. at 59-60 (quoting Strickland, 466 U.S. at 695). Further, because the prejudice standard is objective, plaintiff may not rely on his subjective, though objectively unreasonable, belief that he would not have pleaded guilty had

his counsel provided adequate representation.  See United States v. Garcia, 57 F. App'x 486, 489 (2d Cir. 2003) (holding that, once the court has determined that there is no objective reason to suspect that curing counsel's error would have altered the outcome at trial, the defendant "cannot demonstrate the requisite prejudice simply by claiming that he would not have pleaded guilty but for counsel's alleged deficient performance.").

## B. Analysis

Here, even if Mr. Bondy performed deficiently, Cabrera's ineffective assistance claim fails because Cabrera has not demonstrated prejudice.  First, Cabrera would have lost an appeal regarding the validity of his waiver of speedy presentment.  Second, even if Cabrera could have proven the waiver to be invalid, the outcome at trial would not have been different, in light of the narrowness of the resulting remedy.

### i. Cabrera would not have succeeded on an appeal challenging his waiver of speedy presentment.

As discussed above, in our decision on July 15, 2008, we ruled that Cabrera had waived his right to speedy presentment. Cabrera, 2008 WL 2803902, at *5.  In reaching that conclusion, we relied on the testimony of Special Agent Lepkofker that, before Cabrera signed the waiver, Lepkofker read it out loud and

thoroughly explained it.  Id. at *4.  Thus, we concluded that the waiver was knowing and voluntary.  Id. at *5.

In his habeas petition, Cabrera challenges his waiver of speedy presentment on the sole ground that such waivers are necessarily unenforceable.  However, we rejected this argument in our decision of July 15, 2008: "Delays attributable to a defendant's cooperation with law enforcement officials, particularly when the defendant has knowingly and voluntarily waived his right to speedy presentment, have been routinely found to be reasonable by the district courts in the Second Circuit."  Id., at *5 (citing United States v. Torres, No. 98 FR 183, 2002 WL 72929, at *8 (S.D.N.Y. Jan. 17, 2002); United States v. Berkovich, 932 F. Supp. 582 (S.D.N.Y. 1996); United States v. Markoneti, No. CR 92-0169, 1993 WL 180355, at *2 (E.D.N.Y. May 25, 1993); United States v. Pena Ontiveros, No. 07 Cr. 804, 2008 WL 1805605 (S.D.N.Y. Apr. 18, 2008)).

In support of his argument, Cabrera relies exclusively on United States v. Doe, 564 F. Supp. 2d 480 (D. Md. 2008).  In Doe, the court conducted an in camera hearing five days after the defendant was arrested to determine whether the waiver of speedy presentment by the defendant was "sufficient to stay the order of [the] Court in a warrant that the arresting officer bring the defendant 'forthwith to the nearest magistrate judge' to answer the complaint."  Id. at 481.  Doe answered that

question in the negative, reasoning that prompt presentment was not the defendant's "right" to waive because the Court had been given the responsibility in the Bail Reform Act to "determin[e] whether a criminal defendant is to be detained or released," based on factors such as "the danger to the community and the risk of flight posed," id. at 482 (citing 18 U.S.C. § 3141 et seq.).

Doe is not persuasive here.  Not only is it a decision of a district court outside of this Circuit, but it also did not support its holding with any citations to case law.  In the five years since it was issued, moreover, it has not been cited by any court.  In light of these several factors cutting against Doe's persuasive value, as well as the consistent authority from within this Circuit that, contrary to Doe's holding, knowing and voluntary waivers of speedy presentment are valid, we conclude that, even if he had been permitted to challenge his waiver on appeal, Cabrera would have had no chance of prevailing.  Thus, Cabrera did not suffer prejudice from his counsel's advice that he plead guilty without reserving his right to appeal.

### ii. Even if his waiver of speedy presentment were invalid, Cabrera did not suffer prejudice.

Cabrera would not be entitled to relief even if we accepted his (incorrect) argument that his waiver of speedy presentment was invalid.  The remedy for the denial of a defendant's right

to speedy presentment is not the dismissal of the indictment, as Cabrera was allegedly advised by Mr. Bondy, but rather the suppression of any evidence collected in violation of the defendant's rights.  See United States v. Perez-Torribio, 987 F. Supp. 245, 247 (S.D.N.Y. 1997).

Critically, even if his waiver were invalid, Cabrera's confession would not have been suppressed.  As discussed above, delay in presentment does not require suppression of a defendant's voluntary confession if the confession was made within six hours of the defendant's arrest.  See 18 U.S.C. § 3501(c) (stating that a voluntary confession shall not be suppressed "because of delay in bringing [an arrestee] before a magistrate judge or other [appropriate] officer . . . if such confession was made or given by such person within six hours immediately following his arrest or other detention"); Corley v. United States, 556 U.S. 303, 322 (2009) ("If the confession came within that period (six hours), it is admissible . . . ."). Here, Special Agent Lepkofker, whose testimony we found credible, testified that Cabrera confessed within approximately one hour after being arrested.  Further, Cabrera's own testimony confirmed that he confessed within six hours of arrest.

The only statements that Cabrera made to law enforcement officials or government prosecutors more than six hours after being arrested were at his two proffer sessions on December 12

and December 15, 2005.  However, as we ruled in considering
Cabrera's suppression motion, these proffer statements were not
substantial enough to give rise to prejudice:

> [T]he government's evidence against Cabrera included
> (i) both wiretapped and consensually-recorded
> telephone conversations between defendant and co-
> conspirators, and (ii) extensive post-arrest
> statements acknowledging the existence of the
> conspiracy, describing its operation, and admitting
> that he was a "boss" within the enterprise.  No doubt
> because of the weight of the evidence against him and
> the restrictions on the use of his proffer statements
> in the government's case, Cabrera is unable to
> articulate how the outcome of the instant proceedings
> would be measurably altered if we were to suppress the
> proffer statements at issue.

Cabrera, 2008 WL 2803902, at *5.  In short, because his post-
arrest confession would not have been suppressed and because,
even if his proffer statements had been suppressed, the outcome
at trial would not have been different, Cabrera cannot
demonstrate that he suffered prejudice, even assuming his waiver
was invalid.  Consequently, Cabrera is not entitled to relief
due to ineffective assistance of counsel.

### IV. Conclusion

For the foregoing reasons, Cabrera's habeas corpus petition
is denied.  As Cabrera has not made a substantial showing of the
denial of a constitutional right, a certificate of appealability
will not issue.  See 28 U.S.C. § 2253(c)(2).  Pursuant to 28
U.S.C. § 1915(a)(3), it is hereby certified that any appeal from
this Memorandum and Order would not be taken in good faith.  See

Coppedge v. United States, 369 U.S. 438, 444-45 (1962).   The

Clerk of the Court shall close the case.


      **SO ORDERED.**


Dated:    New York, New York
          August 23, 2013

                        NAOMI REICE BUCHWALD
                        UNITED STATES DISTRICT JUDGE

Copies of the foregoing Memorandum and Order have been mailed on this date to the following:

Attorneys for Petitioner:

Brendan White, Esq.
Diarmuid White, Esq.
White & White
148 East 78th Street
New York, NY 10075

Attorney for the Government:

Michael A. Levy, Esq.
U.S. Attorney's Office
One Saint Andrew's Plaza
New York, NY 10007